UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AARON C. PORTER,

    Plaintiff,

v.                                         Case No. 5:20-cv-138-TKW-MJF

MARK S. INCH, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Aaron C. Porter, DC# L37704, has filed a civil rights complaint under 42 U.S.C. § 1983, (Doc. 1), and a motion to proceed *in forma pauperis* (Doc. 2). The undersigned recommends that Porter's motion to proceed *in forma pauperis* be denied and that this case be dismissed under 28 U.S.C. § 1915(g), because Porter is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this lawsuit.[1]

**I.    Background and Procedural History**

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Porter is an inmate of the Florida Department of Corrections (FDC) currently confined at the Northwest Florida Reception Center. (Doc. 1 at 1). Porter's complaint names as Defendants FDC Secretary Mark S. Inch, and six prison officials at Calhoun Correctional Institution: Assistant Warden Neal, Classification Supervisor Carter, Sergeant Smith, Officer Lemons, Classification Officer Deason, and Major John Doe. (*Id*. at 1-3).

Porter claims that in July 2016, the Calhoun CI Defendants were deliberately indifferent to his safety, in violation of the Eighth Amendment. (*Id*. at 13, 14). Porter alleges that on July 20, 2016, the Calhoun CI Defendants housed him in a cell with a convicted sex offender (Inmate Johnson). Johnson informed Porter that gang members offered to pay him to harm Porter. Porter informed the Defendants (verbally and through written grievances), that Johnson posed an immediate and serious danger to him, but Johnson was not removed from Porter's cell until July 26, 2016. (*Id*. at 8-11). During those six days, Johnson repeatedly sexually abused Porter. (*Id*. at 10, 11). Porter alleges that he was transferred from Calhoun CI on August 3, 2016, to a different prison. (*Id*. at 11). As relief for the Calhoun CI Defendants' deliberate indifference, Porter seeks compensatory and punitive damages, and "injunction relief from housing sex offenders with non-sex offenders." (*Id*. at 15).

Porter also notes that after he was transferred from Calhoun CI, he was assaulted in 2018, by gang members at Okeechobee CI, Marion CI, Sumter CI, and Madison CI. (*Id*. at 11-12). In January 2019, Porter was transferred to Columbia CI where he was "sexually abused" by an inmate, and escaped an attack by gang members. (*Id*. at 12).[2] After additional transfers in 2019, Porter was attacked by gang members at Hamilton CI and Wakulla CI. (*Id*.). In October 2019, Porter was transferred back to Columbia CI and placed in a Protective Management Unit. (*Id*.). Due to alleged "trickery" and retaliation, however, Porter was moved out of the Protective Management Unit and, between January 31, 2020, and March 16, 2020, was attacked and raped by gang members "while going from Columbia CI Annex to R.M.C., to NWFRC, to Walton CI." (*Id*.). Porter claims that the practice of resolving requests for protection by transfer is unsuccessful, and that he should be placed in a Protective Management Unit. (*Id*. at 13, ¶ 29). As relief from this practice of transfers instead of placement in protective management, Porter requests "a transfer of Plaintiff's choice." (*Id*. at 15).

## II.     Discussion

---

[2] Porter states that he is litigating the Columbia CI assault in a separate lawsuit filed in the United States District Court for the Middle District of Florida: *Porter v. Inch*, Case No. 3:19-cv-327-BJD-JRK. (Doc. 1 at 12, ¶ 25).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

This court recognized, in a previous case Porter filed, that Porter has three strikes under § 1915(g). *See Porter v. Inch*, No. 5:19-cv-82-TKW-MJF, 2019 WL

3805797 (N.D. Fla. July 23, 2019) (recommending dismissal of Porter's civil rights action pursuant to three-strikes bar and identifying qualifying cases), *report and recommendation adopted*, 2019 WL 3804489 (N.D. Fla. Aug. 13, 2019). Porter's present complaint acknowledges that he is a three-striker under § 1915(g). (Doc. 1 at 8, ¶ 2).

Because Porter has accrued three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. To fall within this exception, Porter's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Additionally, in *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999), the court concluded that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." *Id*. at 1193 (citations omitted). Because Medberry's allegations only concerned the alleged event which formed the basis for his complaint, the court held that he did not show that he was in imminent danger either at the time the complaint was filed, "or that he was in jeopardy of any

ongoing danger." *Id*; *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that § 1915(g)'s imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Porter's allegations, accepted as true, fail to make a colorable showing that he is in imminent danger of serious physical injury. Porter's complaint is focused only on past events—individual prison officials' failure to protect him from Inmate Johnson at Calhoun CI in July 2016. Those are the only specific allegations Porter makes, and those individual officers are the only Defendants from whom Porter seeks recovery. Porter admits, though, that he has not been confined at Calhoun CI since August 2016. Porter's complaint does not describe any specific and imminent danger of serious physical injury at his present place of confinement, NWFRC. Porter's only mention of NWFRC is to report, in very general terms, that it is one of eleven prisons where he has been attacked in the past.

To the extent Porter raises a "policy" issue, the court takes judicial notice that Porter currently has another civil rights case pending in this Court based on the same basic issue—that the Department of Corrections seeks to resolve protection requests by "sham" transfers which do not abate the risk. *See Porter v. Inch*, Case No. 4:19-cv-126-WS-MAF, Doc. 20. Porter acknowledges that his present policy/practice allegations are duplicative of that case. (Doc. 1 at 4, 11, 13).

Accordingly, the undersigned concludes that Porter does not come within the exception of § 1915(g), because his complaint does not allege sufficient facts showing that he is currently in danger of serious physical injury.[3] This case is not necessary to challenge a policy which Porter contends exposes him to ongoing danger, because he already has an active case in which to litigate that issue. Because Porter is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed without prejudice under § 1915(g). If Porter seeks to litigate his claims against the Calhoun CI Defendants arising from the July 2016, sexual assaults, he must initiate a new case and simultaneously pay the full amount of the filing fee. *See Dupree, supra*.

## III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2), be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

3. The clerk of court close this case file.

---

[3] This conclusion is consistent with this Court's conclusion in *Porter v. Inch*, Case No. 5:19-cv-82-TKW-MJF, where Porter raised the same claims against the same Calhoun CI Defendants based on the same facts. That case was dismissed on August 13, 2019, because Porter had three strikes and failed to satisfy § 1915(g)'s imminent danger exception.

At Panama City, Florida, this <u>14th</u> day of May, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**